IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    CRIMINAL ACTION |
| v. | : |
| | :    NO. 10-288 |
| ANGEL MALDONADO | : |
| a/k/a "OSCAR ACEVEDO" | : |

**MEMORANDUM**

**SURRICK, J.**                                                                 **AUGUST 9, 2016**

Presently before the Court is Petitioner Angel Maldonado's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 71.) For the following reasons, the Motion will be denied.

**I.     BACKGROUND**

On March 31, 2010, law enforcement agents intercepted a package that was addressed to Angel Maldonado's ("Petitioner") residence. (Crim. Compl. 1-2, ECF No. 1.) The package, which was sent from Puerto Rico, contained a kilogram of cocaine. (*Id*. at 2-3.) After obtaining a search warrant, the officers replaced the parcel's illegal contents with a tracking device, a detection device, and a brick of flouropalm-treated white powder.[1] (*Id*. at 3.) The officers subsequently carried out a controlled delivery of the package to Maldonado's residence. (*Id*. at 4.) Maldonado and one of his relatives were at the residence when the package arrived. (*Id*.) Maldonado's eighteen-year-old relative signed for and received the package. (*Id*.) Moments after delivering the parcel, an alarm notified the agents that it had been opened. (*Id*.) They entered Maldonado's house and observed that the parcel had been opened and had been placed in a trash can. (*Id*.) The agents exposed Maldonado's hands to ultra-violet light and found a heavy

---

[1] Flouropalm powder is commonly called "theft detection powder." It glows when exposed to ultraviolet light. Once touched, the invisible powder remains on fingers and hands.

presence of the theft detection powder. (*Id.*) In addition, the agents confiscated a loaded firearm and a safe containing $14,200 from Maldonado's residence. (*Id.*)

On April 29, 2010, Maldonado was charged in a three-count indictment with attempted possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count One); possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 924(c)(1) (Count Two); and being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count Three). (Indict., ECF No. 9.) On November 22, 2010, Petitioner entered a plea of guilty to all counts. (*See* Plea Agree., ECF No. 27 (on file with Court).)

At sentencing, it was established that Maldonado was subject to the Armed Career Criminal Act ("ACCA") enhancement.[2] He was therefore subjected to a fifteen-year mandatory minimum sentence on Count Three. On October 15, 2012, Maldonado was sentenced to a total period of incarceration of 300 months. (*See* Judg., ECF No. 53.) Maldonado's sentence consisted of concurrent terms of incarceration of 240 months on Count One and Count Three; and a consecutive term of 60 months' incarceration on Count Two.[3]

On June 6, 2016, Maldonado filed this *pro se* Motion pursuant to 28 U.S.C. § 2255. (Pet'r's Mot., ECF No. 71.)

## II. LEGAL STANDARD

Under § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct a sentence "upon the ground that the sentence was imposed in violation of the

---

[2] Petitioner stipulated to the ACCA designation. (*See* Plea Agree.)

[3] We note that, as a practical matter, granting the relief requested here by Maldonado would not affect Maldonado's sentence. The 240-month term of imprisonment on Count Three runs concurrently with the 240-months' term imposed with respect to Count One.

Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  Relief under this provision is generally available "to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."  *United States v. DeLuca*, 889 F.2d 503, 506 (3d Cir. 1989) (citation omitted).

The statute provides, as a remedy for a sentence imposed in violation of the law, that "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Maldonado asserts that he was sentenced under an unconstitutional statute.

The Court may in its discretion hold an evidentiary hearing on a § 2255 petition.  *See Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989).  However, such a hearing need not be held if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see also United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992).

### III.    DISCUSSION

Maldonado argues that he is entitled to be resentenced without the ACCA enhancement because the United States Supreme Court recently declared the statute's residual clause unconstitutional in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  (Pet'r's Mot. 1-3.)  After a thorough review, we are satisfied that *Johnson* does not apply in this case.  The Motion will therefore be denied and no certificate of appealability will issue.

####    A.    Timeliness

Section 2255 motions are subject to a one-year statute of limitations. Under subsection (f), that one-year clock starts to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Maldonado seeks relief under subsection (f)(3). Under that subsection, the limitations period begins when the new right on which the habeas action is based is first recognized by the Supreme Court and given retroactive application to cases on collateral review. 28 U.S.C. § 2255(f)(3). Maldonado bases his Motion on the "new" rule announced in *Johnson*, which was decided on June 26, 2015. *See Johnson*, 135 S. Ct. at 2551.

Subsection (f)(3) concerns new rules only. A new rule is one that is not dictated by precedent. *See Teague v. Lane*, 489 U.S. 288, 301 (1989). By its terms, subsection (f)(3) is a vehicle for relief only when the new rule has been given retroactive application. On April 18, 2016, the Supreme Court held that *Johnson* announced a new rule that may be retroactively applied to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Since Maldonado filed this Motion on June 6, 2016, it is timely under § 2255(f)(3).

**B.     Merits**

Under federal law, convicted felons are prohibited from possessing firearms. 18 U.S.C. § 922(g). Violations of § 922(g) are generally punishable by a term of up to 10 years imprisonment. 18 U.S.C. § 924(a)(2). However, § 924(e)—otherwise known as the ACCA— provides that a person who has three previous convictions for a "violent felony," a "serious drug

4

offense," or both is subject to a mandatory minimum of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). It was determined at sentencing that Maldonado committed at least three prior violent felonies and serious drug offenses. He therefore received the ACCA sentencing enhancement. Maldonado does not challenge our finding that two of his prior drug convictions constitute predicate serious drug convictions. He contends that his sentence under § 924(e) should be overturned because his prior robbery conviction no longer qualifies as a predicate violent felony in light of *Johnson*.

> The ACCA defines "violent felony" as follows:
>
> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B)(i) and (ii) (emphasis added). The Supreme Court in *Johnson* ruled that the italicized language, which is commonly called the ACCA's "residual clause," violates the Constitution's guarantee of due process because it is impermissibly vague. *Johnson*, 135 S. Ct. at 2563 ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."). Maldonado acknowledges that the Supreme Court's decision applies only to the ACCA's residual clause. As so limited, the *Johnson* decision does not affect the ACCA's application to Maldonado's sentence.

The first subsection under the ACCA's "violent felony" definition is referred to as the "elements clause." Since *Johnson* did not call its validity into question, the ACCA enhancement remains appropriate where a violator's three prior convictions qualify as serious drug offenses or as crimes of violence under the Act's elements clause. *Id*. ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's

5

definition of a violent felony."). We are satisfied that Maldonado's prior robbery conviction constitutes a violent felony as defined by the ACCA's elements clause. Relief under *Johnson* is therefore unavailable.

An offender cannot be said to have committed a violent felony as defined by the ACCA's elements clause unless the offense had an element of either actual, attempted, or threatened use of physical force. 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has instructed that the phrase "'physical force means violent force—that is, force capable of causing physical pain or injury to another person.'" *United States v. Hollins*, 514 F. App'x 264, 267 (3d Cir. 2012) (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)). The ACCA's elements clause is applicable only where the violator committed a predicate offense that fits within the definition of violent felony.

Under the Pennsylvania law that was in effect at the time of Maldonado's conduct, a person is guilty of robbery if, in the course of committing a theft, he:

> (i) inflicts serious bodily injury upon another;
> (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;
> (iii) commits or threatens immediately to commit any felony of the first or second degree;
> (iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; or
> (v) physically takes or removes property from the person of another by force however slight.[4]

18 Pa. Cons. Stat. § 3701(a)(1) (amended in 2010).

---

[4] Section 3701 was enacted as part of 1972, Dec. 6, P.L. 1482, No. 334 § 1 and was made effective June 6, 1973. The statute was amended by 1976, June 24, P.L. 425, No. 102 § 1, which was made effective immediately. Section 3701 was not amended again until 2010. *See Pennsylvania v. Jannett*, 58 A.3d 818, 821 (Pa. Super. Ct. 2012) ("The Legislature recently added Section 3701(a)(1)(vi) to the robbery statute, effective May 15, 2010. This created a lesser included offense; however, the Legislature did not amend or delete the previous forms of robbery . . . .").

Until the Supreme Court decided *Johnson* (2010), the Third Circuit's view was that any violation of § 3701(a)(1)—regardless of which subsection was violated—constituted a violent felony for purposes of the ACCA.  *See, e.g.*, *United States v. Cornish*, 103 F.3d 302, 309 (3d Cir. 1997).  Analyzing the Supreme Court's guidance in *Johnson* (2010), the Third Circuit later held that § 3701(a)(1)'s fifth subsection, which penalizes "robbery by force, *however slight*, no longer satisfies" the ACCA's definition of a crime of violence.  *Hollins*, 514 F. App'x at 268 (emphasis added).  The decisions in *Johnson* (2010) and *Hollins* do not affect the outcome of Maldonado's request for habeas relief.  Maldonado's prior conviction relates to conduct proscribed by subsection (ii) of Pennsylvania's robbery statute.  We are aware of no authority suggesting that violations of the second subsection of § 3701(a)(1) do not qualify as violent felonies under the ACCA.

The Supreme Court and the Third Circuit have provided a framework for analysis here.  Where a sentencing court must decide "whether a previous conviction counts as a 'violent felony' . . . under the ACCA, [it] may look only to the elements of a defendant's prior conviction, not 'to the particular facts underlying those convictions.'" *United States v. Abbott*, 748 F.3d 154, 157 (3d Cir. 2014) (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013)).  This method of analysis is commonly called the "categorical approach."  *See id.*  In cases such as this—where the "statute underlying a prior conviction lists multiple, alternative elements, rather than a single, indivisible set of elements," "a sentencing court may look beyond the elements of a prior conviction to decide if it can serve as an ACCA predicate offense."  *Id.* (internal quotation marks and citation omitted).  This inquiry is commonly called "the modified categorical approach."  *Id.*  In other words, where a statute has divisible subsections, the modified categorical approach allows courts to look beyond the statute to determine which

particular subsection served as the basis for the predicate conviction. Then, as with the traditional categorical approach, courts determine whether that particular subsection proscribes "violent," physical force. Although Pennsylvania's robbery statute is divisible, analysis here employs only the traditional categorical approach since subsection (ii) served as the basis for each of Maldonado's predicate convictions. We need not consider any of the underlying facts of Maldonado's prior convictions to make this determination.

At the time of his sentencing, Maldonado had been convicted of committing robbery in violation of § 3701(a)(1) on October 15, 1996. (Pa. Docket No. 51-CR-0406391-1996 (Pa. Com. Pleas Ct. 1996)).[5] As indicated on Maldonado's criminal docket sheet, the robbery conviction was a felony in the first degree. *See id.* It necessarily follows that each conviction was based only on a violation of § 3701(a)(1)'s first, second, or third subsection.[6] The Criminal Complaint filed with respect to the underlying offense establishes that subsection (ii) was the sole basis for Maldonado's robbery conviction. (Pa. Crim. Compl., Pa. DC# 96-26-006172 (on file with Court).) It states the following: "In the course of committing a theft, [Petitioner] did threaten or intentionally put another in fear of serious bodily injury/bodily injury by approaching the

---

[5] We note that reliance on uncertified docket reports is proper. The Third Circuit "has never established a per se rule that certified copies of a conviction must be offered by the government before a judge may determine a defendant's career offender status . . . ." *United States v. Howard*, 599 F.3d 269, 272 (3d Cir. 2010). In fact, the Third Circuit expressly declined the invitation to establish "a per se rule that certified copies of the judgments of conviction [be] required in every case before a sentencing court may determine that the defendant's prior convictions are for violent felonies under the Armed Career Criminal Act." *Id.* (internal quotation marks omitted) (citing *United States v. Watkins*, 54 F.3d 163, 168 (3d Cir. 1995)). Uncertified docket entries "are the type of judicial records that are permissible for sentencing courts to use to establish past convictions for sentencing purposes." *Howard*, 599 F.3d at 273.

[6] A finding that a particular subsection of § 3701(a)(1) was the lone basis for Maldonado's robbery convictions is permissible under the law. *See United States v. Blair*, 734 F.3d 218, 225 (3d Cir. 2013) ("Given the clearly laid out alternative elements of the Pennsylvania robbery statute, it is obviously divisible . . . .").

complainant, Sean McKeever . . . ." The language here is nearly identical to the second subsection of Pennsylvania's robbery statute, which applies to a person who, "in the course of committing a theft . . . threatens another with or intentionally puts him in fear of immediate serious bodily injury . . . ." 18 Pa. Cons. Stat. § 3701(a)(1)(ii). Accordingly, it is clear that § 3701(a)(1)'s second subsection served as the basis for Maldonado's underlying robbery conviction.

Addressing next the question of whether a conviction based on a violation of § 3701(a)(1)'s second subsection may appropriately serve as a predicate offense under the ACCA, a person who violates § 3701(a)(1)(ii) commits a "violent felony" as described in 18 U.S.C. § 924(e)(2)(B)(i). By its terms, a conviction under subsection two of Pennsylvania's robbery statute requires a finding that the violator "threaten[ed] another with or intentionally put[] him in fear of immediate serious bodily injury . . . ." 18 Pa. Cons. Stat. § 3701(a)(1)(ii). Since 1973, Pennsylvania has defined "bodily injury" as the "[i]mpairment of physical condition or substantial pain." 18 Pa. Cons. Stat. § 2301. Given the degree of harm required, it is apparent that a conviction under subsection (ii) requires the use, threatened use, or attempted use of "physical force" within the meaning of the ACCA—i.e., "*violent* force—that is force capable of causing physical pain or injury to another person." *Johnson,* 559 U.S. at 140 (emphasis in original); cf. *United States v. Horton*, 461 F. App'x 179, 184 (3d Cir. 2012). This conclusion is supported by the Third Circuit's holding in *United States v. Dobbin*, 629 F. App'x. 448, 452 (3d Cir. 2015). In analyzing the U.S. Sentencing Guidelines' elements clause definition of crime of violence—which is identical to that found in the ACCA—the the court explicitly held that convictions under § 3701(a)(1)(ii) have as an element, the use, attempted use, or threatened use of physical force and are therefore unaffected by *Johnson*. *Id*. (citation and internal quotation

marks omitted). We are satisfied that Maldonado's conviction under § 3701(a)(1)'s second subsection is a violent felony. It is therefore an appropriate predicate offense for ACCA purposes.

The record conclusively shows that Maldonado is entitled to no relief. No hearing is necessary to rule on this matter. *See* 28 U.S.C. § 2255(b). Since Maldonado's Motion is meritless, the Motion will be denied.

### C. Certificate of Appealability

To qualify for a certificate of appealability, a habeas litigant must demonstrate, among other things, that reasonable jurists would debate whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Since no reasonable jurist would disagree with our assessment of Maldonado's claims, no certificate of appealability will issue. *See id.*

## IV. CONCLUSION

For the foregoing reasons, Petitioner Anthony Maldonado's Motion to Vacate, Set Aside, or Correct Sentence will be denied and no certificate of appealability will issue.

An appropriate Order follows.

                                            **BY THE COURT:**

                                            */s/R. Barclay Surrick*
                                            **U.S. District Judge**